**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **HAYWARD DEAN & all others**<br>**similarly situated** | § <br> § <br> § | |
| | § | CIVIL ACTION NO: _____ |
| *Plaintiff* | § | |
| | § | |
| **AKAL SECURITY, INC.** | § | |
| | § | |
| | § | |
| | § | JURY DEMAND HEREIN |
| *Defendants* | § | |
| | § | |

---

### PLAINTIFF'S FIRST PETITION

---

NOW COMES Plaintiff, **HAYWARD DEAN and all others similarly situated**, by and through his attorneys **JAMES SUDDUTH, III and MATTHEW SARELSON**, for his Complaint against Defendant, **AKAL SECURITY, INC**., hereby states as follows:

---

### JURISDICTION AND VENUE

---

1.  Plaintiff brings this action under the Fair Labor Standards Act, (FLSA), 29 U.S.C. § 203 *et. seq*.

2.  This Court has jurisdictions pursuant to the following statute:

    a.  28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

b.  Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Rapides Parish, making the Alexandria Division the most appropriate Division for this suit.

## PARTIES

3.  Plaintiff, **HAYWARD DEAN**, was at all material times, an employee of Defendant and a non-exempt employee within the meaning of the FLSA. Plaintiff is a citizen of the United States who resides in Alexandria, Louisiana. Plaintiff is an air security officer who was responsible for the supervision of deportees during flights back to their home country.

4.  Defendant, **AKAL SECURITY, INC.**, is a New Mexico corporation with its principal place of business in New Mexico. It maintains an operations facility in Alexandria, Louisiana. Plaintiff worked out of the Defendant's Alexandria facility. Defendant is a government contractor. Defendant is the subcontractor to CSI Aviation, Inc. CSI's contract with the federal government require it and its subcontractors, including the Defendant, to comply with all federal, state and local laws and regulations.

## FACTUAL ALLEGATIONS

5.  Plaintiff, **HAYWARD DEAN,** worked and still works for Defendant, **AKAL SECURITY, INC.**, as an air security officer (ASO). As such, Plaintiff was not and is not classified as an administrator, executive, or professional. His rate of pay was and is $22.00 per hour. Plaintiff is paid an hourly rate, and not a salary or per shift or per day rate. Plaintiff is a non-exempt employee.

6.  Plaintiff's job duties include the direct supervision of deportees upon their arrival at Akal, their loading onto an aircraft for deportation, in-flight supervision during the trip to the deportee's home country, cleaning of the aircraft, collecting and inventorying supplies, filling out paperwork, return of the aircraft to Akal,

and preparation for the next mission. These duties do not qualify Plaintiff as an administrator, executive, or professional.

7.      After depositing deportees in their home country, Plaintiff returns with the rest of the flight crew to the United States. Plaintiff is compensated for the return flight home.

8.      The ASOs do not get a bona fide meal break within the meaning of the FLSA and 29 C.F.R. § 785.19

9.      The Defendant, **AKAL SECURITY, INC.**, has a company-wide policy of mandating that an ASO be docked one hour of pay on each return flight back to the United States when no deportees are on board, regardless of the actual taking of a lunch break.  Plaintiff does not actually take a "lunch break" within the meaning of 29 C.F.R. § 785.19, and any meal is eaten while performing services for the company and the pursuit of personal interests is prevented.  The one-hour deduction is completely arbitrary, as it bears no relationship to any actual lunch break.

10.     At all times on the return flight Plaintiff and other ASOs are captive on the plane, severely restricting their ability to do any activity for their own benefit.  The ASOs cannot make telephone calls, stream internet or movies, send text messages, run errands, pick up dry cleaning, run to a bank, check on their kids or other loved ones, make doctor appointments or do anything else that would be consistent with a bona fide meal break within the meaning of the FLSA and 29 C.F.R. § 785.19.

11.     Furthermore, not only were ASOs restricted to the confines of the plane during an alleged "lunch break", but duties from the Defendant were imposed during this time as well.

12.     Additionally, assuming arguendo, if the ASOs do get the opportunity to consume food on the plane, they do so in inadequate facilities provided by the Defendant. Due to the nature of their job, there is often the presence of feces, urine, and vomit on the plane.

13.     The Defendant does not keep records of any ASO's lunch break.

14.     The Defendant requires an ASO to sign and submit a blank timesheet, to which the supervisor adds in a random one-hour deduction under the guise of a "lunch break."  The start and stop time of any "lunch break" are made up by the supervisor.

15.     There are numerous employees who are similarly situated and who lose the same one-hour of pay pursuant to the Defendant's lunch break policy.

16.     Plaintiff and the other similarly situated ASOs did and do not receive their regular rate of pay for the hour worked that was improperly deducted from their pay as a result of Akal's lunch break policy.

17.     The Defendant, **AKAL SECURITY, INC.**, has been aware of its violation of the FLSA for many years due to notice and participation in various legal actions. In 2013, Akal was sued by several ASOs in Texas as a result of the same lunch break policy at issue here. *See Kankel v. Akal Security, Inc.*, N.D. Tex. Case No. 3:13-cv-2651. A nationwide collective action was certified with over 100 opt-ins. *Id*. at D.E. 68-1. The result of that lawsuit was a collective action settlement that included a release of all FLSA claims occurring on or before June 14, 2014. *Id*. (The release in *Kankel* was limited to releasing claims under the Fair Labor Standards Act and no other statutory or common law claim).

18.     It is possible that one or more potential opt-ins who were part of the settlement of the Texas litigation is or will be (an) opt-in(s) in this litigation. For those opt-ins, they would be limited to seeking compensation under the FLSA for a violation occurring after the release date of June 14, 2014.

19.     Defendant, **AKAL SECURITY, INC.,** was also sued in Florida for an identical FLSA violation. *See Gelber v. Akal Security, Inc.*, S.D. Florida Case No. 16-23170. The district judge in *Gelber* certified the collective statewide and there are currently 20 opt-ins.

20.     Akal did not alter its "lunch break" policy with respect to deducting an hour of pay for an alleged lunch break even after the Texas and Florida litigation. Thus, the Defendant knows of the continuous violation of the FLSA and yet it willfully continues to do so.

21.     The Plaintiff, and all others similarly situated, did not receive minimum wage compensation for the hour worked that was improperly deducted from Plaintiff's pay as a result of the forced lunch break.

22.     Plaintiff, and all others similarly situated, did not receive overtime compensation in the event that the hours deducted for the alleged lunch break, that were actually worked were in excess of forty (40) per week. To the extent the lunch break hours were hours in excess of forty (40) hours per week, Plaintiff is entitled to time-and-a half for those hours pursuant to 29 U.S.C. § 207.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**UNPAID MINIMUM WAGES**
*Pursuant to 29 U.S.C. § 203 et seq.*

23. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

24. Plaintiff was, and currently remains, a non-exempt employee of Defendant within the meaning of the FLSA.

25. Defendant was, at all material times, an employer within the meaning of the FLSA.

26. Plaintiff's pay was deducted for an arbitrary one-hour unpaid lunch break that had no bearing on taking any actual lunch break taken by Plaintiff on return flights to the United States.

27. Pursuant to 29 U.S.C. § 206(a)(1), every employer shall pay its employees who in any workweek is engaged in commerce or production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages at the required rates.

28. Plaintiff was not paid minimum wages by the Defendant for the time periods stated above.

29. Defendant's violation of the FLSA was willful and intentional.

30. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**UNPAID OVERTIME WAGES**
*Pursuant to 29 U.S.C. § 203 et seq.*

31. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

32. Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

33. Defendant was, at all material times, an employer within the meaning of the FLSA.

34. Plaintiff worked in excess of 40 hours per week. It is possible that in any given week, the unpaid lunch break hours would have been hours in excess of 40 hours per week. For those weeks, Plaintiff is entitled to overtime pay at a rate of 1.5 times his regular rate of pay pursuant to the Act.

35. Pursuant to 29 U.S.C. § 206(a)(1), every employer shall pay its employees who in any workweek is engaged in commerce or production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages at the required rates.

36. Plaintiff was not paid overtime wages by the Defendant for the time periods stated above.

37. Defendant's violation of the FLSA was willful and intentional.

38. Plaintiff is entitled to an award of overtime back pay and liquidated damages equal to the amount of the back pay.

---

## PRAYER:

---

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants providing the following relief:

(a) Reasonable attorney's fees and costs;

(b) Monetary damages to be determined by a jury of Plaintiff's peers after the trial of this matter for back pay of minimum wages and overtime wages;

(c) Liquidated damages in an equal amount to monetary damages;

(d) Any other relief this Court deems appropriate.

---

## DEMAND FOR JURY TRIAL

---

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

{Signature page to follow}

Respectfully submitted,


**SUDDUTH & ASSOCIATES, LLC**
Attorneys-at-Law
4216 Lake Street, Suite C
Lake Charles, Louisiana 70605
(337) 480 - 0101 (*Telephone*)
(337) 419 - 0507 (*Facsimile*)


**BY:** _____
**JAMES E. SUDDUTH, III, #35340**
Attorney for *Hayward Dean*
*& all others similarly situated*

**KAPLAN YOUNG & MOLL PARRÓN**
Attorneys for Plaintiff
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Phone (305) 330-6090


**BY:**_____ */s/ Matthew Sarelson*
**MATTHEW SARELSON #888281**
msarelson@kymplaw.com
*Pro Hac Vice Pending*