c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAYWARD DEAN, Plaintiff | CIVIL ACTION NO. 1:17-CV-00543 |
| VERSUS | JUDGE DRELL |
| AKAL SECURITY, INC., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Amend the Collective Action Notice Procedure Due to Change in Facts ("Motion to Amend") (Doc. 119) filed by Plaintiff Hayward Dean ("Dean"). Defendant Akal Security, Inc. ("Akal") opposes. (Doc. 121). Because there is no evidence that the current notice procedure ordered by this Court is insufficient, Dean's Motion to Amend (Doc. 119) is denied.

I. Background

Dean filed this action under 29 U.S.C. § 216(b) on behalf of himself and other similarly situated current and former employees against Akal for alleged violations of the Fair Labor Standards Act ("FLSA"). Dean is an Air Security Officer ("ASO") responsible for the supervision of deportees during flights back to their home country. (Doc. 46). After depositing deportees in their home country, Dean alleges he would return with the rest of the flight crew to the United States. (Doc. 46). Dean alleges Akal failed to pay him and a class of similarly situated employees minimum wages for "lunch breaks" employees were forced to work through. (Doc. 46).

1

Dean further alleges some of these wages – in the event that the hour "lunch break" worked through would have caused the employee to work over forty (40) hours per week – are overtime wages remaining unpaid. (Doc. 46). Dean also alleges Akal ignored the evidence of hours actually worked by ASOs, and uniformly deducted ASO pay by one hour on every return flight to the United States. (Doc. 46).

This Court granted in part and denied in part Dean's Motion for Collective Action Certification under the FLSA (the "Order"). (Doc. 116). This Court conditionally certified the class and authorized Dean to send notice and consent forms, via mail <u>or</u> email, to potential opt-ins.[1] (Doc. 116). The Court also authorized Dean to post notice to prospective class members at Akal's Alexandria, Louisiana and San Antonio, Texas locations in the same areas they are required to post FLSA notices until the opt-in period closes for every potential opt-in employee. (Doc. 116).

The Court ordered the parties to confer and submit a joint proposed notice for approval in accordance with the Order. (Doc. 116). On November 30, 2017, the parties filed a Notice of Joint Submission of Proposed Notice of Action and Form Consent to Joint Lawsuit (the "Notice").[2] (Doc. 118). Now, Dean seeks to amend the Order due to a change in facts. (Doc. 119).

---

[1] The potential opt-ins include current and former Akal employees who worked as ASOs at the Alexandria, Louisiana or San Antonio, Texas locations. (Doc. 116).

[2] On January 26, 2018, at a 90-day telephone conference, the parties advised the Court they wanted a ruling on the Notice, and an extension of discovery deadlines. (Doc. 124). The parties' Notice was not filed in a manner that allowed for Court approval. The Court informed the parties to confer and properly file an amended Notice to include a proposed order. (Doc. 124).

II.  Law and Analysis

To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. See 29 U.S.C. § 216(b).[3] District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs. See Rodriguez v. Alsalam, Inc., 2017 WL 699820 at *2 (E.D. La. 2017) (citing Lima v. Int'l Catastrophe Sols., Inc., 493 F. Supp. 2d 793, 797 (E.D. La. 2007)). The notice must be "timely, accurate and informative." See id.; Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169–170 (1989).

In an FLSA action, "the notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice should describe the action and the plaintiffs' rights in it." Richardson v. Wells Fargo Bank, N.A., 839 F.3d 442, 455 (5th Cir. 2016).

The Supreme Court has remarked that the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche Inc., 493 U.S. at 170. The district courts enjoy a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id. Thus, the district courts

---

[3] Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U.S.C. § 216(b), provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

have a substantial interest in overseeing communications that are transmitted in single actions involving multiple parties. Id.

Both parties affirm that as of December 1, 2017, Akal lost its contract with the Department of Homeland Security, and is no longer the provider (or employer) of ASOs at the Alexandria, Louisiana and San Antonio, Texas locations at issue in this case. (Docs. 119, 121). Since Akal no longer controls the premises, Dean now seeks to amend the Order to authorize notice via email and mail as an alternative to posting at the jobsite. (Doc. 119). Akal opposes Dean's motion arguing that Akal was not ordered to post notice, but rather, Dean was authorized to do so. (Doc. 121). Akal also asserts that sending notice via both mail and email is redundant and encourages potential class members to join the litigation. (Doc. 121). Akal also argues Dean has not produced evidence to indicate notice via mail or email is insufficient. (Doc. 121).

As it stands, the Order authorizes, upon approval of Notice and consent forms, Dean to mail or email the Notice and consent forms to potential class members. (Doc. 116). Dean is also authorized by this Court to post Notice to prospective class members at Akal's Alexandria, Louisiana and San Antonio, Texas locations. (Doc. 116). While the record is clear that Akal no longer has the contract for ASOs for these locations (Doc. 119, 121), Dean may still mail or email the approved Notice and consent forms to potential class members. Seeing no evidence to indicate otherwise, the Court finds the option of either method sufficient to apprise potential class members of this action and the potential to opt-in. See Richardson, 839 F.3d at 455; Hoffmann-La Roche Inc., 493 U.S. at 170.

4

III. Conclusion

Accordingly,

**IT IS ORDERED** that Dean's Motion to Amend (Doc. 119) is **DENIED**.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __9th___ day of February, 2018.

                                        Joseph H.L. Perez-Montes
                                        United States Magistrate Judge