RECEIVED

APR 13 2020

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **HAYWARD DEAN, ET AL.** | **CASE NO. 1:17-CV-00543** |
| **VERSUS** | **JUDGE DRELL** |
| **AKAL SECURITY INC** | **MAGISTRATE JUDGE PEREZ-MONTES** |

MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 224) filed by defendant Akal Security, Inc. ("Akal") seeking judgment in its favor as a matter of law on all remaining claims by plaintiff in this suit. The motion is fully briefed and ripe for decision. For the reasons explained fully herein, the motion will be GRANTED in full and, accordingly, all remaining claims by plaintiff will be DISMISSED with prejudice.

I.      BACKGROUND

*A. Relevant Facts*

Non-citizen detainees subject to deportation orders by United States courts are often transported to their country of origin via flights organized by United States Immigration and Customs Enforcement ("ICE"). ICE contracts with Akal to provide security services, *inter alia*, on detainee deportation flights. Akal employs Aviation Security Officers ("ASOs") to supervise detainees onboard these flights.[1]

Akal maintains a Timekeeping Policy[2] that dictates the deduction of one hour's pay from all ASO time sheet totals for "empty return leg flights" – flights on which detainees are no longer

---

[1] Complaint (Doc. 1) at ¶ 5.
[2] Doc. 224-3 at pp. 11-15.

1

present, lasting ninety (90) or more minutes and landing at the ASO's home station, Phoenix.[3] The instant collective action is brought by Akal ASOs alleging Akal's meal period deduction policy violates the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 203, *et seq.*[4]

Though no detainees are present when these meal deductions are charged, plaintiffs allege they are not afforded a qualifying meal break under the FLSA and, further, that Akal's policy requires plaintiffs to submit blank timesheets, resulting in time deductions bearing no correlation to any actual meal breaks taken.[5] On the basis of these allegations, plaintiffs seek compensatory damages, as well as liquidated damages for willful violation, attorney fees and costs under the Act.[6]

Akal denies any violation of the FLSA, pointing out that unpaid meal period policies are lawful under the Act.[7] Akal further denies that the specific manner in which it carried out its policy as to plaintiffs was unlawful.[8] Pointing to the collective bargaining agreement entered into by the International Union, Security, Police and Fire Professionals of America, representing its San Antonio employees, and the offer letters signed by all employees at their time of hire – both containing the express language of the meal period deduction policy at issue – Akal asserts that its employees were aware of the policy.[9] Akal argues that, under the predominant benefit analysis applicable to FLSA meal break cases in the Fifth Circuit, plaintiffs were afforded qualifying non-compensable meal breaks.[10] Finally, Akal denies that any violation that may be found by the court

---

[3] Akal's brief in support of its motion (Doc. 224-1) at p. 1; Akal's Statement of Uncontested Material Facts (Doc. 224-1) at ¶ 33. Uncontested by Plaintiffs (Doc. 231-1) at p. 5.

[4] This court, speaking through Mag. Judge Perez-Montes, conditionally certified this suit as a collective action on November 20, 2017 (Doc. 116), enabling individuals employed at Akal's Alexandria, LA and San Antonio, TX locations within three years of the order to opt in as plaintiffs.

[5] Doc. 1 at ¶¶ 9-14.

[6] Id. at p. 6.

[7] Answer (Doc. 84), generally.

[8] Doc. 224-2 at pp. 18-19; Akal's reply in support of its motion (Doc. 239) at pp. 6-7.

[9] Doc. 224-1 at ¶¶ 12-15.

[10] Doc. 224-2 at pp. 10-15.

is willful, asserting that it developed its policy upon the careful advice of an experienced employment law attorney.[11]  For this reason, Akal opposes plaintiffs' prayer for liquidated damages and attorney fees under the Act.

### B.  Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "We consider all evidence 'in the light most favorable to the party resisting the motion.'" Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 quoting Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983).   However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

## II.    ANALYSIS

This court previously addressed the general applicability of the FLSA and dismissed a portion of plaintiffs' claims, leaving only plaintiffs' overtime claims for unpaid meal periods. See, Doc. 160.  Accordingly, our analysis begins with the FLSA's provision for meal breaks for employees within its purview.

---

[11] Id. at pp. 22-23.

The FLSA requires employers to compensate employees for all "hours worked."[12] The term "hours worked" is defined therein as "…[a]ll time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace; and…[a]ll time during which an employee is suffered or permitted to work whether or not he is required to do so."[13]

The FLSA exempts bona fide meal periods from compensable hours worked. Section 785.19 of the Act defines bona fide meal periods as lasting "[o]rdinarily 30 minutes or more…" and relieving the employee of his duties and obligations to be at his "desk" or "machine" while eating. Importantly, an employee otherwise relieved of duties during his meal break need not be permitted to leave work premises during such break.[14]

Many courts, including the courts within the Fifth Circuit employ the "predominant benefit test" when faced with an FLSA claim for uncompensated meal breaks. This test, as to which the employer bears the burden of proof, asks whether the employer or employee derived the primary benefit from the period at issue. Naylor v. Securiguard, Inc., 801 F.3d 501, 506-08 (5th Cir. 2015) citing Bernard v. IBP, Inc. of Nebraska, 154 F.3d 259, 265 (5th Cir. 1998). In conducting a predominant benefit analysis, the court will ask whether the employee is subject to limitations on his or her personal freedom that inure to the benefit of the employer; whether the employer remains responsible for work-related duties during the meal break and how frequently the employee is interrupted by required duties during the meal break. Id.

*A. Relief from Duties*

Akal asserts the empty return leg flights at issue, each lasting at least ninety (90) minutes, consisted almost entirely of free time ASOs used at their own discretion, within limits imposed by

---

[12] 29 C.F.R. § 778.223(a).
[13] Id.
[14] 29 C.F.R. 785.19(b).

being onboard an aircraft, and for their own purposes.[15] Akal offers the testimony of ten (10) current and former employees illustrating various typical leisurely pursuits engaged in by ASOs during these flights: sleeping, reading, eating, socializing and moving about the aircraft cabin.[16] These employees deny that such activities were permitted during the first portion of these flights, during which detainees were present.[17] Akal points out that testimony offered shows that employees were not often, if ever interrupted with work-related duties during empty return leg flights.[18]

After a thorough review of Plaintiffs' brief and evidence, the court finds that Plaintiffs fail to rebut the affirmative showing made by Akal regarding both relief from work-related duties and the lack of interruption of Plaintiffs' meal breaks due to such duties. Plaintiffs' brief and argument focus, instead, on two theories: (1) that the entirety of any empty return leg flight should be compensable time because Plaintiffs were not completely free to engage in their own pursuits by virtue of their confinement onboard the aircraft; and (2) that Akal's failure to keep exact records of the start and end of each employee's meal break during every empty return leg flight is grounds for Plaintiffs' recovery under the Act. The court disagrees with both theories.

As explained by U.S. District Court for the Southern District of Mississippi in Brown v. Howard Industries, Inc., it is not enough to show that an employee was required to remain within his or her place of employment, workspace or employer's premises, but rather, the employee must show that while engaged in a meal break, he or she was expected to forfeit an unacceptable portion of this time to fulfill work-related duties at the behest of the employer.[19] While our sister court's

---

[15] Doc. 224-2 at pp. 12-15.
[16] Doc. 224-1 at ¶¶ 21-34.
[17] Id. at ¶¶ 32-33.
[18] Doc. 224-2 at p. 13, citing Doc. 224-1 at ¶¶ 17, 18, 21-23.
[19] 116 F.Supp.2d 764 (S.D. Miss. 2000) (granting employer's motion under Fed. R. Civ. P. 12(c) on the basis that Plaintiff employees failed to state a claim for relief under the FLSA and, thus, failed to engage the court's need for

rationale is of course not binding, the court sees substantial similarity between the instant Plaintiffs' situation and that in Brown. In Brown, Plaintiff employees were required to take their lunch breaks on the premises of the plant where they were employed and were not permitted to leave the plant. Plaintiffs there failed to show that they were asked to perform any work-related duties during these lunch breaks and based their theory of recovery on the fact that they were not permitted to leave the premises, thus inhibiting their range of activity during their non-compensable time.[20]

In Chao v. Tyson Foods, Inc.,[21] a district court found a bona fide meal period where employees were not required to remain on plant premises but argued that the remote location of the plant effectively resulted in substantial restriction of their available activities during meal breaks. Again, we recognize a common thread in the employees' argument in Chao and that advanced in this case. The instant Plaintiffs suggest that the logistical limitations placed on their freedom because of their work situs result in an undue restriction on their freedom during meal breaks, necessitating a finding that such time is compensable. Yet, Section 785.41 of the Act contemplates the natural restrictions on freedoms brought about by work that necessitates travel onboard, inter alia, aircraft and clearly allows for bona fide meal breaks where an employee is otherwise free of work-related duties.[22] Considering the clear language of the Act and jurisprudence interpreting similar fact patterns we find informative, we decline to adopt Plaintiffs' theory.

---

predominant benefit test analysis, due to their failure to allege the advent of any work-related duties during the meal breaks at issue).

[20] Brown, 116 F.Supp.2d at 766.

[21] 568 F.Supp.2d 1300, 1310 (N.D. Ala. 2008) citing Avery v. City of Talladega, Ala., 24 F.3d at 1347 n.8.

[22] 29 C.F.R. § 785.41 ("...[a]n employee who drives...an airplane, or an employee who is required to ride therein as an assistant or helper, is working while riding, except during bona fide meal periods...").

*B. Akal's Timekeeping Procedure*

Plaintiffs' second basis for relief is the assertion that Akal failed to keep detailed timesheets showing when each employee's meal break began and ended on each empty return leg flight.[23] Plaintiffs allege that they were asked to sign and submit blank time sheets after each mission in violation of Akal's written timekeeping policy.[24] Akal does not dispute that, in practice, a supervisor deducts a random hour from the employee's total hours worked even if not related to any actual meal break taken. Rather, Akal disputes that the precise moment a meal break began and ended is relevant in this case.[25] Plaintiffs assert that Akal's record keeping procedure results in a lack of evidence prohibiting the court from finding that any meal break was ever taken by an employee.[26] Again, the court disagrees.

Testimony offered by Akal shows that Plaintiffs enjoyed at least an hour of free time onboard the aircraft during the empty return leg flights at issue.[27] Plaintiffs fail to identify any work-related duties they claim interfered with the bona fide meal periods at issue. Indeed, employees' testimony affirmed that no work-related tasks were required of them.[28] Instead, Plaintiffs' opposition focuses on their dissatisfaction with the practical limitations of being onboard an aircraft and its alleged condition after the detainees depart.[29] Given our finding as to Plaintiffs' failure to allege the interruption of their meal breaks with work-related duties, we

---

[23] Doc. 231 at pp. 10-12.
[24] Doc. 231-1 at ¶¶ 24-26.
[25] Doc. 224-2 at pp. 18-19.
[26] Doc. 231 at p.10.
[27] Doc. 224-1 at ¶¶ 18, 19, 21-31.
[28] Id. at ¶¶ 17-19.
[29] The court notes that evidence regarding the condition of the aircraft due to detainees' urine, feces and vomit is irrelevant and, further, contradictory based on testimony offered by Plaintiffs. See, e.g. Deposition of Thomas Marten at Doc. 231-13 at p. 84 ("Q: Do the detainees on the flight to – as they're being repatriated, do some of them defecate themselves in the seat? A: It's happened. Q: Do they – in your experience, do they do that intentionally or unintentionally or both? A: Both. I wouldn't say often, but it does happen."); Deposition of Ed Alonzo at Doc. 231-10 at p. 93 (Q: How frequently outside of the bathroom would a detainee defecate, urinate, or vomit on the airplane? A: Frequently.")

conclude that Akal's timekeeping practices and any discrepancy between such practices and its written policy do not mandate relief in Plaintiffs' favor. Put simply, without first showing that they were made to perform work-related duties during empty return leg flights, Akal's lack of exact records is irrelevant in this matter. Here, Plaintiffs show no work performed during the flights at issue.

## C. Predominant Benefit

Given our reasoning above, we conclude that Plaintiffs' required presence onboard the aircraft during empty return leg flights did not inure to Akal's benefit. Rather, it was an unavoidable feature of work as an ASO for Akal. Plaintiffs fail to rebut evidence offered by Akal that, other than the practical limitations on employee conduct inherent to air travel, it imposed no work-related duties upon ASOs for most or all of the ninety-plus-minute flights at issue.

## D. Liquidated Damages

Plaintiffs' suit seeks liquidated damages under the Act (29 U.S.C. §260) based on allegations of willful conduct by Akal. Plaintiffs argue that, because other current and former employees have filed suit against Akal in other jurisdictions[30] and these suits have, in some cases, resulted in adverse rulings and/or settlements, Akal's continued exercise of the particular meal deduction policy at issue here constitutes willful conduct subjecting it to the liquidated damage penalty under the Act.

---

[30] The court is aware of the pending appellate litigation in both the Ninth and Eleventh Circuit Courts of Appeals, involving precisely the same issues brought before us in the instant case. See, Ed Alonzo, et al. v. Akal Security, Inc., 2019 WL 1130002 (D. Ariz. Mar. 12, 2019) *appeal docketed*, No. 19-15633 (9th Cir. Apr. 4, 2019) and Elliott Gelber, et al. v. Akal Security, Inc., 2017 WL 6987705 (S.D. Fl. Oct. 17, 2017) *appeal docketed*, No. 18-14674 (11th Cir. Nov. 6, 2018).

Finding as we have above regarding the merits of Plaintiffs' claims, we accordingly now find liquidated damages inapplicable in this case. Plaintiffs' claims for such relief will be denied.

III. CONCLUSION

For the foregoing reasons, the court finds that Akal's motion comports with applicable law and jurisprudence and should be granted. Accordingly, the court will issue a judgment granting the motion and dismissing Plaintiffs' remaining claims with prejudice.

Alexandria, Louisiana
April ___13th___, 2020

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT